IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY GARDNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 06-cv-0165-MJR |
| | ) |
| **STAR TRANSPORT, INC.,** | ) |
| **STAR TRANSPORTATION, INC.,** | ) |
| **STAR TRANSPORT, and** | ) |
| **JEFF HOUSTON,** | ) |
| | ) |
| **Defendants.** | ) |

MEMORANDUM and ORDER

REAGAN, District Judge:

This personal injury lawsuit came before the undersigned Judge for threshold review two weeks ago. Because the complaint (filed here by Plaintiff Gardner, who invoked subject matter jurisdiction under 28 U.S.C. § 1332) did not establish the place of citizenship of each party, the Court entered an Order on March 31, 2006 directing Gardner's counsel to file an amended complaint supplying the necessary jurisdictional information. Specifically, the Court ordered:

> The amount in controversy suffices for diversity jurisdiction, but **the complaint does NOT allege the place(s) of citizenship of each party**. We are told that Plaintiff Gardner is a citizen of Mississippi, and Defendant Houston is a citizen of Missouri.... But Plaintiff's counsel does not disclose the places of citizenship of the three corporate Defendants.... Simply stating that the parties are "completely diverse" or that certain parties are NOT citizens of a particular state is not enough. Accordingly, the Court DIRECTS Plaintiff's counsel to file a First Amended Complaint by April 12, 2006 **which clearly states the places of citizenship of each and every party to this action**.

Doc. 7 (emphasis added).

1

On April 7, 2006, Gardner filed an amended complaint (Doc. 8).[1] The amended complaint again provides that Plaintiff Gardner is a Mississippi citizen, and Defendant Houston is a Missouri citizen. The amended complaint further reveals that one of the three corporate/business entity Defendants – Star Transport, Inc. – is an Illinois citizen (both incorporated in and maintaining its principal place of business in this state).

However, the amended complaint still does *not* disclose the places of citizenship of the remaining two Defendants – Star Transportation, Inc. and Star Transport. The amended complaint, like the original complaint, broadly alleges: "None of the Defendants are [sic] citizens of Mississippi." For the reasons stated in the Court's March 31st Order, this statement does not suffice. It does not establish the places/states of citizenship for two of four named Defendants.

As the party seeking this forum, Plaintiff Gardner bore the burden of demonstrating that all jurisdictional requirements had been met. **Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997).** Gardner has failed to meet that burden, despite having been given a second opportunity to provide the facts needed to verify that subject matter jurisdiction properly lies.

This Court need not dole out a third chance for Gardner's counsel to supply information that should have appeared in the original complaint *and* the amended complaint. As the Court of Appeals for the Seventh Circuit has noted:

> Despite receiving express directions about what they had to do, counsel did not do it. At some point, the train of opportunity ends.

---

[1] The complaint erroneously was labeled/captioned as an amended *petition*. **See FEDERAL RULE OF CIVIL PROCEDURE 7(a)**: "There shall be a complaint and an answer; a reply to a counterclaim.... No other pleading shall be allowed."

*Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000), *quoting America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

The record before this Court does not establish complete diversity among the parties. Because the Court cannot ascertain that subject matter jurisdiction lies, it **DISMISSES** this action (without prejudice) for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED this 13th day of April, 2006.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Court**