# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY GARDNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 06-cv-0165-MJR |
| | ) |
| **STAR TRANSPORT, INC.,** | ) |
| **STAR TRANSPORTATION, INC.,** | ) |
| **STAR TRANSPORT, and** | ) |
| **JEFF HOUSTON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM and ORDER

REAGAN, District Judge:

On threshold review of this personal injury suit four weeks ago, the Court directed Plaintiff Gardner (who had filed the action here and thus bore the responsibility of demonstrating subject matter jurisdiction), to amend his complaint to identify the place(s) of citizenship of each of the four named Defendants.[1] Gardner's April 7th amended complaint provided the citizenship information for himself and two of the four Defendants listed in the caption. What the amended complaint did not establish was the citizenship of Defendants Star Transportation, Inc. and Star Transport.[2]

---

[1] The Court found that the amount in controversy sufficed under 28 U.S.C. § 1332, but the complaint did not allege each party's citizenship, so the Court could not ascertain that diversity was complete. *See* Doc. 7.

[2] Like the original complaint, the amended complaint broadly alleged that none of the Defendants was a citizen of Mississippi (the state of Plaintiff Gardner's citizenship). For the reasons stated in the Court's March 31st Order, that statement did not satisfy Gardner's burden of demonstrating subject matter jurisdiction.

Dockets.Justia.com

Because Gardner's amended complaint did not show that all requirements of diversity jurisdiction were met, the Court dismissed the case for lack of subject matter jurisdiction on April 13, 2006. *See* Doc. 9.

Gardner immediately moved the Court to vacate the dismissal Order. In the memorandum supporting that motion, Gardner's counsel explained that the amended complaint was intended to reflect that Gardner would be proceeding against only *two* Defendants, so he had supplied jurisdictional information only as to those two (Star Transport, Inc. and Jeff Houston). The record supports this assertion. For instance, the "Causes of Action" section of the amended complaint refers only to these two Defendants, as does the "Damages and Prayer for Relief" section. Furthermore, the April 7th electronic filing entry for the first amended complaint (Doc. 8) lists only two Defendants – Star Transport, Inc. and Jeff Houston.

Confusing the situation was the fact that the style/caption of the case still contained the names of all four original Defendants. But errors in listing parties in the style are not fatal, pleadings must be construed "as to do substantial justice," and the Federal Rules of Civil Procedure are to be applied to "secure the just ... determination of every action." **FED. R. CIV. P. 1, 8(f).**

Additionally, the law of this Circuit instructs that, if judgment has not yet been entered, leave to amend should be liberally granted – even after a complaint has been dismissed. ***Bressner v. Ambroziak,* 379 F.3d 478, 484 (7th Cir. 2004); Fed. R. Civ. P. 15(a). *See also Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004); *Doe v. Howe Military School*, 227 F.3d 981, 989 (7th Cir. 2000); 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1489 (2d ed. 1990).** In the case at bar, no judgment has been entered, and Gardner's counsel has furnished a credible explanation for the pleading error in the first amended complaint.

He offers to "pay an appropriate monetary sanction" for his mistake or undergo mandatory CLE training (Doc. 10, ¶ 2). No such sanction is necessary here. To borrow a line from Portia: "The quality of mercy is not strained; it droppeth as the gentle rain from heaven upon the place beneath." **The Merchant of Venice, Act IV, scene i,** *quoted in In Re Grand Jury Proceedings,* **894 F.2d 881, 886 (7th Cir. 1989).**

The undersigned Judge will permit Gardner to file a *second* amended complaint properly reflecting the named Defendants (presumably just Star Transport, Inc. and Jeff Houston). But Gardner's counsel is admonished to bear in mind, for future lawsuits he files in any United States District Court, that indeed it is necessary to list each place of citizenship for every defendant. The Court cannot find diversity jurisdiction to lie *without that specific detailed information* (as opposed to simply a blanket statement that the parties are completely diverse or no defendant is a citizen of plaintiff's state of citizenship).

The Court hereby **GRANTS** Gardner's motion to vacate (Doc. 10), **VACATES** the April 13, 2006 Dismissal Order (Doc. 9), **GRANTS** Gardner's motion for leave to amend complaint (Doc. 12), and **DIRECTS** Gardner – **on or before May 5, 2006 –** to e-file a second amended complaint (not "petition") which includes only those Defendants still in the case and which provides the state(s) of citizenship for each party – most likely Gardner, Houston, and Star Transport, Inc.

IT IS SO ORDERED.

DATED this 28th day of April, 2006.

                                               s/ Michael J. Reagan
                                               MICHAEL J. REAGAN
                                               United States District Judge