IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY GARDNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 06-cv-0165-MJR |
| ) | |
| **STAR TRANSPORT, INC.,** ) | |
| **and JEFF HOUSTON,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

On February 24, 2006, Jerry Gardner filed suit in this Court against four Defendants. On threshold review of this personal injury case a month later, the Court directed Gardner to amend his complaint to identify the place(s) of citizenship of each of the four named Defendants.[1] Gardner's April 7, 2006 amended complaint provided the citizenship information for two of the four Defendants listed in the caption. Because Gardner's amended complaint did not show that all requirements of diversity jurisdiction were met, the Court dismissed the case for lack of subject matter jurisdiction on April 13, 2006.

After Gardner clarified that the suit only was proceeding against the two Defendants for whom jurisdictional information had been furnished, the Court vacated the dismissal Order and directed Gardner to file a *second* amended complaint by May 5, 2006. He did so on April 29, 2006. Now before this Court is Defendants' motion to dismiss the second amended complaint.

---

[1] The Court found that the amount in controversy sufficed under 28 U.S.C. § 1332, but the complaint did not allege each party's citizenship, so the Court could not ascertain that diversity was complete. *See* Doc. 7.

1

Defendants maintain that Gardner's second amended complaint fails to state a cause of action. **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs such motions. When reviewing a complaint in the context of a Rule 12(b)(6) dismissal motion, the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006). *Accord Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001); *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001),** *citing Conley v. Gibson*, **355 U.S. 41, 45-46 (1957), and** *Veazey v. Communications & Cable of Chicago, Inc.*, **194 F.3d 850, 854 (7th Cir. 1999).** If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate. ***Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).**

Gardner's second amended complaint contains one negligence claim against Defendant Houston (for failing to operate his vehicle safely) plus three negligence claims against Star Transport: (1) a negligence claim based on vicarious liability (i.e., Star Transport as Houston's employer and/or the owner of the vehicle involved in the accident); (2) a claim of negligent supervision; and (3) a claim of negligent entrustment.

Houston and Star (collectively, "Defendants") seek to dismiss the second amended complaint on four grounds. First and foremost, Defendants contend that Gardner's claim is barred by the applicable statute of limitations. The Court finds no merit in this argument.

Illinois law provides a two-year statute of limitations for personal injury suits. **735**

**ILCS 5/13-202 ("Actions for damages for an injury to the person ... shall be commenced within 2 years next after the caus of action accrued...).** In the case at bar, the accident occurred and Gardner was injured on February 27, 2004. Gardner filed suit in this Court on February 24, 2006, within the two-year limitations window. Defendants assert that Gardner's initial complaint was filed *before* the Clerk's Office permitted Gardner's counsel to appear pro hac vice, and thus "the Complaint is a nullity" (Doc. 23, p. 1).

The Court disagrees. Under the filing procedures applicable at the time this action was commenced, counsel for plaintiffs would present both their complaint (in paper form) and a motion for pro hac vice (with a proposed order) to the Clerk's Office simultaneously. The Clerk's Office then would file-stamp the documents, affix a case number, randomly assign a District Judge, and grant the motion for pro hac vice admission (assuming the appropriate fee had been tendered, etc.). That is what happened in this case.

Gardner's counsel presented both a motion for pro hac vice admission of Scot Dollinger (with a proposed order granting that motion) and the complaint in paper form to the Clerk's Office on February 24, 2006. Deputy Clerk Lisa Braun file-stamped the complaint at 1:07 p.m. on February 24th. She signed and file-stamped the Order granting Dollinger's pro hac vice admission at 1:08 p.m. *See* Docs. 1, 3. Summonses were issued (Doc. 2), Dollinger's admission was effective, and the lawsuit was underway as of February 24, 2006.

The complaint and pro hac vice motion were tendered simultaneously. The Clerk's Office procedures resulted in the complaint being file-stamped first, so the case could be assigned a number and a judge, before the pro hac vice motion was processed. Additionally, Local Rule 83.1(b) of this Court provides for virtually automatic grants of pro hac vice admission motions.

Neither the fact that the pro had vice admission occurred one minute *after* the complaint was filed nor the fact that amended complaints were filed *later* renders the February 24th complaint a nullity.

Because a valid complaint, filed by an attorney who was admitted (pro hac vice) to practice in this District, was on file February 24, 2006, and the two-year statute of limitations had not yet run on that date, the Court rejects Defendants' first argument for dismissal of Gardner's case.

Defendants next argue that Count III of the second amended complaint fails to state a claim for negligent entrustment. Negligent entrustment "consists of entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others." ***Teter v. Clemens*, 492 N.E.2d 1340, 1342 (Ill. 1986).**

Under Illinois law, to state a claim for negligent entrustment, the plaintiff must allege that the defendant entrusted property to someone, and "that the inexperience or recklessness of the person to whom the property was entrusted was the proximate cause of the [plaintiff's] injury." ***Insurance Co. of North America v. Krigos*, 553 N.E.2d 708, 710 (Ill. App. 1990).**

To *prove* negligent entrustment, a plaintiff must show that the defendant gave express or implied permission to use or possess a dangerous instrumentality, and that the defendant knew or should have known that the instrumentality "would likely be used in a manner involving an unreasonable risk of harm to others." ***Evans v. Shannon*, 776 N.E.2d 1184, 1190 (Ill. 2002),** *citing Restatement (Second) of Torts § 308*.

Although a vehicle is not a dangerous instrumentality per se, it may become one if operated by someone who is incompetent, inexperienced, or reckless. ***Id.*, 776 N.E.2d at 1190,** *citing Eyrich v. Estate of Waldemar*, **765 N.E.2d 504 (Ill. App. 2002).**

Two primary considerations guide the analysis of a negligent entrustment claim involving a vehicle: (1) whether the owner of the vehicle entrusted the vehicle to an incompetent or unfit driver, and (2) whether the incompetency was a proximate cause of the plaintiff's injury. ***Evans*, 776 N.E.2d at 1190, *citing First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068 (Ill. 1999), and *Watson v. Enterprise Leasing Co.*, 757 N.E.2d 604 (Ill. App. 2001).**

Of course, *federal* procedural rules determine whether Gardner's complaint states a claim for negligent entrustment, and we are not at the "proof" stage on a Rule 12(b)(6) dismissal motion. Just six months ago, the United States Court of Appeals for the Seventh Circuit clarified that the federal system is one of notice pleading and emphasized that, as a general rule, complaints need not contain factual allegations corresponding to each aspect of a prima facie case.

> Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain…" should stop and think: What rule of law requires a complaint to contain that allegation? Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

***Kolupa v. Roselle Park District*, 438 F.3d 713, 714 (7th Cir. 2006).**

As to what arguably was missing from the complaint in question in ***Kolupa*,** the Seventh Circuit admonished:

> Silence is just silence and does not justify dismissal unless Rule 9(b) requires details. Arguments that rest on negative implications from silence are poorly disguised demands for fact pleading.

***Kolupa*, 438 F.3d at 715.**

In the case at bar, Gardner alleges that Star Transport owed a duty to Gardner to exercise ordinary care in entrusting the tractor-trailer in question, that Star Transport breached that duty by entrusting the tractor-trailer to Jeff Houston (an incompetent or unfit driver), and that this breach proximately caused the "accident and damages claimed herein" (Doc. 22, p. 7). Defendants

5

argue that Gardner has "alleged no facts to raise an issue as to whether ... Star Transport ... negligently entrusted the vehicle" to Jeff Houston (Doc. 24, p. 3).

As **Kolupa** instructs, Gardner need not allege facts to support his negligent entrustment claim. That claim possibly would fail at the summary judgment stage, depending on how the evidence (deposition testimony, affidavits, etc.) develops. But – accepting as true all well-pled allegations and resolving in Gardner's favor all reasonable inferences – it is possible to hypothesize a set of facts consistent with the complaint that could entitle Gardner to relief. Accordingly, Rule 12(b)(6) dismissal is inappropriate as to the negligent entrustment claim.

The same rationale leads the Court to reject Defendants' assertion that dismissal of the negligent supervision claim is warranted, due to Gardner's failure to allege facts to support that claim. Which leaves only Defendants' argument that Gardner's second amended complaint improperly seeks prejudgment interest.

Gardner's complaint seeks damages for medical expenses, physical and mental pain and anguish, physical disfigurement, lost wages and earning capacity, plus court costs and "pre and post judgment interest as allowed by law" (Doc. 22, p. 8). The complaint specifically notes that Plaintiff "seeks nothing for those elements *not* 'allowed by law'" (Doc. 22, p. 8). The Court – at this point – need not scrutinize provisions of the Illinois Interest Act, **815 ILCS 205/2 (West 2000)**[2], Section 2-1303 of the Illinois Code of Civil Procedure, **735 ILCS 5/2-1303 (West 2000),** or any

---

[2] Under Illinois law, prejudgment interest – whether grounded in a statute or equity – is based on the concept of fairness and is awarded to make the plaintiff whole for the loss of use of money wrongfully withheld. Generally, prejudgment interest "is not recoverable absent a statute or agreement providing for it." **Platinum Technology, Inc. v. Federal Ins. Co., 282 F.3d 927, 934 (7th Cir. 2004),** *citing New Hampshire Ins. Co. v. Hanover Ins. Co.*, **696 N.E.2d 22, 26 (Ill. App. 1998).** The Illinois Interest Act provides a statutory rate of 5%, or when circumstances allow, a court may award interest at an equitable rate. **Platinum Technology, 282 F.3d at 934.**

other source to determine the question before it.   It may well be that Gardner is not entitled to prejudgment interest.   ***See, e.g., Gardner v. Geraghty*, 423 N.E.2d 1321, 1324 (Ill. App. 1981)(prejudgment interest not allowable under Illinois Interest Act in wrongful death or other tort cases).**  But Gardner's complaint is worded so as to seek only that interest *permitted* under applicable law.  Dismissal or striking of the request for interest is not needed.

For all these reasons, the Court **DENIES** Defendants' May 8, 2006 dismissal motion (Doc. 23) and **DENIES AS MOOT** Defendants' June 16, 2006 motion (Doc. 27) seeking to strike Exhibit D to Gardner's response.   (Although denying Doc. 27 as moot, the Court did not consider the exhibit in question in ruling on the dismissal motion.)

IT IS SO ORDERED.

DATED this 20th day of June, 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge